```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

AMERICAN MANUFACTURERS MUTUAL INSURANCE
COMPANY and LUMBERMENS MUTUAL CASUALTY
COMPANY,

                        Plaintiffs,         09 Civ. 8742

        - against -                         OPINION

BARRY, MCTIERNAN & MOORE,

                        Defendant.

------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/10

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
    1065 Avenue of the Americas, Suite 800
    New York, NY  10018
    By:  Abraham E. Havkins, Esq.

    WILLIAMS MONTGOMERY & JOHN LTD.
    233 South Wacker Drive, Suite 6100
    Chicago, IL  60606
    By:  Michael C. Bruck, Esq.

    Attorneys for Defendants

    FURMAN, KORNFELD & BRENNAN LLP
    61 Broadway, 26th Fl.
    New York, NY  10006
    By:  Andrew S. Kowlowitz, Esq.

**Sweet, D.J.**

Plaintiffs American Manufacturers Mutual Insurance Company and Lumbermens Mutual Casualty Company (together, the "Plaintiffs") have moved for leave to amend their complaint to add as defendants several individual attorneys associated with Defendant Barry, McTiernan & Moore (the "Defendant"). Upon the facts and conclusions set forth below, Plaintiffs' motion for leave to amend is granted.

**Prior Proceedings**

On October 15, 2009, Plaintiffs filed this action against Defendant, alleging that Defendant committed legal malpractice in its representation of Plaintiffs in litigation regarding Plaintiffs' coverage of a construction company that was found liable for a fire that caused serious property damage at a synagogue in New York City. The combined judgment against Plaintiffs in the coverage action exceeded $16,000,000.

At a pretrial conference in April 2010, Plaintiffs agreed to move for leave to amend their complaint on or before June 21, 2010. On June 21, 2010, rather than submitting a motion to amend, Plaintiffs filed an amended

1

complaint adding as defendants six individual attorneys associated with Defendant. The amended complaint was treated as motion and was marked fully submitted on August 4, 2010.

**The Motion for Leave to Amend is Granted**

Rule 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." Leave to amend a complaint pursuant to Rule 15 should not be denied unless there is evidence of undue delay, futility, bad faith, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-movant. See Foman v. Davis, 371 U.S. 178, 182-83 (1962); Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 125 (2d Cir. 2008); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

In its opposition, Defendant characterizes Plaintiffs' motion to add individual attorneys as "an obvious attempt to pressure and intimidate the Defendant," (Def. Opp. 1) and contends that several of the individual attorneys added to the amended complaint are either retired or did not work on the coverage action underlying the instant dispute. However, Defendant has offered no evidence

2

of undue delay, futility, bad faith, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice.  See Foman, 371 U.S. at 182-83.

Defendant cites two cases in support of its contention that the addition of individual attorneys is impermissible.  In Cunard Line Ltd. v. Abney, 540 F. Supp. 657, 659 (S.D.N.Y. 1982), the Court noted that "'resort may be had against [individual partners] only if the joint or partnership property is insufficient to pay the firm debts or it appears there can be no effective remedy without resort to individual property.'"  Id. at 659-60 (quoting Wisnouse v. Telsey, 367 F. Supp. 855, 859 (S.D.N.Y. 1973)). In Vets North, Inc. v. Libutti, No. CV-01-7773, 2003 WL 21542554, at *11-12 (S.D.N.Y. Jan. 24, 2003), the Court observed that under New York law, "any judgment recovered by the plaintiff in [an action against a partnership] is entered as a judgment against all of the partners" and that such a judgment will be satisfied out of individual partner assets if "the partnership assets are found to be insufficient to satisfy the obligation."  While these cases suggest that adding individual partners may ultimately be redundant, they do not preclude Plaintiffs from adding individual partners and attorneys as defendants.

## Conclusion

Based on the facts and conclusions set forth above, Plaintiffs' motion for leave to amend is granted.

It is so ordered.

New York, NY
August 2 6, 2010

_____
ROBERT W. SWEET
U.S.D.J.

4